```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

ALONZO JOHNSON,

                    Petitioner,

    -vs-

JOHN BURGE, Superintendent,
Auburn Correctional Facility,

                    Respondent.

**DECISION AND ORDER**
**No. 6:04-cv-06101(MAT)**

_____

**BACKGROUND**

On September 22, 2009, this Court dismissed the pro se petition for a writ of habeas corpus filed by Alonzo Johnson ("Petitioner"). The Court declined to issue a certificate of appealability, certified that any appeal from would not be taken in good faith, and denied leave to appeal as a poor person. Judgment was entered on September 23, 2009.

Petitioner then filed a notice of appeal in the Second Circuit which, on April 22, 2010, issued an order deeming the case to be in default, due to Petitioner's failure to pay the required filing fee to the district court by October 23, 2009. The Second Circuit stated it would dismiss the appeal effective May 13, 2010, unless by that date Petitioner either paid the filing fee in full or moved for in forma pauperis status in that court. This order was filed as mandate on this Court's docket on July 13, 2010.

On February 10, 2016, Petitioner sent a letter to the Buffalo Division of this Court, to the attention of the Pro Se Litigation

Unit, requesting free copies of "any and all filed documentation consisting, but not limited to: (Official Briefs, Respondents Briefs, Utilized Exhibits, and Orders & Decisions) concerning a filed Federal Habeas Corpus, which was filed on [his] behalf." Respondent has not filed any responsive papers to the request. For the reasons discussed below, the request is denied in part and granted in part.

## DISCUSSION

### I. Copies of the Pleadings and Orders Filed in This Action

It is within a federal court's discretion to provide courtesy copies or waive copying fees for pro se litigants and litigants granted in forma pauperis status. See, e.g., Harris v. Fischer, No. 11 CIV. 6260 CM JLC, 2012 WL 3964706, at *3 (S.D.N.Y. Sept. 10, 2012) (pro se plaintiff requested courtesy copy of transcript from initial pre-trial conference; request was granted "on a one-time basis solely for the purpose of assisting [the plaintiff] in obtaining an attorney" but other requests to make copies of documents the plaintiff had previously filed with the court and provide financial assistance regarding deposition costs were "both denied insofar as they seek the [c]ourt's financial assistance with document production and deposition-related costs") (citing, inter alia, Malik v. Lavalley, 994 F.2d 90, 90 (2d Cir. 1993) ("[F]ederal courts are not authorized to waive or pay witness fees on behalf of an in forma pauperis litigant."); Espinal v. Coughlin, No. 98 Civ. 2579(RPP), 1999 WL 1063186, at *2 (S.D.N.Y. Nov. 23, 1999) ("There

is no authority that requires the federal government to pay for the discovery expenses of a pro se plaintiff in a civil rights case. . . . ").

Here, Petitioner states that he has been "transferred due to uncontrollable circumstances" which "prevented [him] from maintaining all or any of his relevant active legal paper work," which the Court understands to mean that he has lost his copies of his legal paperwork. However, he does not explain why he requires copies of the pleadings and state court records in this instant habeas proceeding, which has been closed for 7 years, as of September 23, 2016. Moreover, his appeal to the Second Circuit was apparently dismissed because he never moved for in forma pauperis status or paid the necessary filing fee. Since Petitioner has not satisfactorily explained the purpose for which he requires copies of the pleadings filed by the parties in this action, the Court cannot justify providing free copies to him at the public's expense. However, the Court will provide a replacement copy of its Decision and Order denying his request for a writ of habeas corpus (Dkt #13).

## II. State Court Records

To the extent that Petitioner seeks free copies of the state court records filed in this action, the Court does not have these documents and therefore is unable to provide copies to him. Specifically, On October 22, 2010, the Clerk of Court returned four (4) volumes of state court records pertaining to Petitioner's state

court criminal proceeding to the Erie County District Attorney's Office. Thus, any request for copies of the state court records must be directed to the Erie County District Attorney's Office.

**CONCLUSION**

For the reasons discussed above, Petitioner's Motion for Free Copies of "Official Briefs, Respondents Briefs, Utilized Exhibits, and Orders & Decisions concerning a filed Federal Habeas Corpus" (Dkt #17) is **granted only to the limited extent** that the Court will provide a replacement copy of its Decision and Order denying his request for a writ of habeas corpus (Dkt #13). The Motion (Dkt #17) is **denied without prejudice** to the extent he seeks copies of the pleadings filed by the parties, and the non-dispositive orders (e.g., those regarding extensions of time) filed in this action. Finally, the Motion (Dkt #17) is **denied with prejudice** to the extent that he seeks copies of state court records and exhibits that are no longer in the Court's possession. The Clerk of the Court is requested to send a copy of the Decision and Order dated September 22, 2009 (Dkt #13), along with a copy of this Decision and Order, to Petitioner.

    **SO ORDERED.**

                                                    S/Michael A. Telesca

                                          _____
                                            HON. MICHAEL A. TELESCA
                                            United States District Judge

Dated:    September 27, 2016
             Rochester, New York